IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

METROPOLITAN LIFE INSURANCE
COMPANY,

    Plaintiff,                                 ORDER

    v.                                       17-cv-466-wmc

ANDREW IVERSON, KEALEY IVERSON,
PAMELA DACH, DEBRA IVERSON,
FREDERICK DACH, MICHAEL DACH and
HENKE-CLARKSON FUNERAL HOME,

    Defendants.
_____

Interpleader plaintiff Metropolitan Life Insurance Company ("MetLife"), commenced this action pursuant to Rule 22 of the Federal Rules of Civil Procedure, naming as defendants six individuals and one company who are asserting competing claims to the proceeds of a life insurance policy issued by MetLife to Shirley Dach ("Decedent"), who died on January 20, 2017. Defendants are Andrew Iverson, Kealey Iverson, Pamela Dach, Debra Iverson, Frederick Dach, Michael Dach, and Henke-Clarson Funeral Home, Inc.

Decedent was an employee of the General Motors Corporation ("General Motors") and a participant in the ERISA-governed General Moros Life Insurance Benefit Plan ("Plan"). At the time of her death, Decedent was enrolled under the Plan for basic life insurance coverage in the amount of $12,752.00, which became payable to the proper beneficiary or beneficiaries upon Decedent's death consistent with the terms of the Plan.

There are three different beneficiary designations on file with the Plan:

1. May 4, 2012, designation naming Kealey Iverson and Andrew Iverson, each for 50% of the Plan benefits.

2. March 24, 2009, designation naming Debra Iverson as the primary beneficiary for 100% of the Plan benefits.

3. September 21, 2008, designation naming Debra Dach for 25%, Pamela Dach for 25%, Frederick Dach for 25%, and Michael Dach for 25% of the Plan Benefits. Contingent beneficiaries are John Dach for 40%, Kealey Iverson for 30%, and Andrew Iverson for 30% of the Plan benefits.

On January 21, 2017, Kealey Iverson signed a Funeral Home Assignment to have $4,788.75 of the proceeds paid to the Henke-Clarson Funeral Home.

According to the complaint, MetLife is prepared to deposit the proceeds and accrued interest with the registry of the court. This court has original jurisdiction over this action under 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331 because the action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq*. Accordingly, the court finds that this is a proper action for interpleader under Fed. R. Civ. P. 22.

ORDER

IT IS ORDERED THAT:

1. Plaintiff's request for permission to pay into the Registry of the Court the Plan Benefits ($12,752.00) plus accrued interest that is in dispute in this action is GRANTED.

2. The Clerk of the Court is DIRECTED to deposit the disputed interpleader funds into the United States Treasury to be invested in the Court Registry Investment System ("CRIS") Disputed Ownership Fund ("DOF"), the investment management tool of the Administrative Office of the United States Courts.

3. Each interpleader defendant is restrained and enjoined from instituting any action or proceeding in any state of United States court against MetLife, General Motors, Inc., or the Plan for the recovery of the Plan benefits, plus interest that has accrued or any part thereof, by reason of Decedent's death.

Entered this 28th day of September, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge